David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone: 907-677-1234
Fax: 888-965-9338
dh@henderson-law.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY HOLT, Individually, as Personal Representative of the Estate of Jole Ann Holt, and as Next Friend on Behalf of Minor Children, K.H, D.H, and L.H., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. _____ |

**<u>Complaint for Medical Malpractice</u>**

COME NOW plaintiffs and allege as follows:

1) Jole Ann Holt [hereinafter "Jole"] and plaintiff Anthony Holt [hereinafter "Anthony"] were, at all times pertinent, adults residing in or near Wasilla, Alaska.

2) At all times pertinent, Anthony and Jole were legally married as husband and wife, respectively.

3) Plaintiffs K.H. [d/o/b 12/08/2008], D.H. [d/o/b 02/17/2012], and L.H. [d/o/b 01/12/2014] are natural minor children of Jole.

4) Plaintiffs Jole, K.H., D.H., and L.H. were and are Alaskan Natives.

5) On or about March 17, 2019, Jole died.

6) On or about May 6, 2019 Anthony petitioned to open an estate on Jole's behalf in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, styled *In the Matter of the Estate of Jole Ann Holt*, Case No. 3AN-19-00966PR.

7) Said petition was granted, an estate was opened, and Anthony was appointed as Jole's Personal Representative.

8) Anthony is named herein as a plaintiff in his capacity as Personal Representative of Jole's Estate, as custodial parent and next-friend on behalf of K.H., D.H., and L.H., and individually.

9) As custodial parent of the above-named minor plaintiffs, Anthony is a fit and proper person to zealously guard their interests, and to represent them in the above-captioned action.

10) The Alaska Native Medical Center [hereinafter "ANMC"] was and is a state-of-the-art hospital offering comprehensive health-care to Alaska Natives.

11) ANMC is owned and operated by the Alaska Native Tribal Health Consortium, a non-profit tribal health organization and co-signatory to the Alaska Tribal

COMPLAINT FOR MEDICAL MALPRACTICE
*Holt v. U.S.A.* 2

Health Compact. As such, it receives funding from, and is an agent of, defendant United States vis-a-vis the Indian Health Service.

12) Any medical malpractice committed by the ANMC through its employees, agents, or instrumentalities is actionable under the *Federal Tort Claims Act*, 28 USC § 1346, 2401, and 2671 *et seq*.

13) Upon information and belief, Dr. Sarah Sindell, M.D., [hereinafter "Dr. Sindell"] was, at all times pertinent, an employee and/or agent of ANMC.

14) Upon information and belief, Dr. Sindell was and is a licensed physician, and a board-certified specialist in the field of surgery.

15) At all times pertinent, Dr. Sindell was acting within the scope of said certification for purposes of A.S. 08.68.230(f)(4).

16) Upon information and belief, various medical practitioners, who were either employed or deployed by the ANMC to render diagnosis and treatment of patients and who were acting within the scope of that employment and/or agency, also tended-to and treated Jole during her visits and/or stays at the ANMC.

17) Each of said medical practitioners was, at all times pertinent, acting as an agent of, and/or co-participant with, each of the other and of defendant United States.

18) At all times pertinent, Jole was said practitioners' patient and the patient of ANMC.

19) More than six months ago, plaintiffs submitted an administrative claim for the medical malpractice alleged herein on Standard Form 95 to the appropriate federal agency.

COMPLAINT FOR MEDICAL MALPRACTICE
*Holt v. U.S.A.* 3

20) The agency has denied the claim.

## General Allegations

21) At all times pertinent, Jole was a medical patient of Dr. Sindell.

22) On or about May 3, 2017, Dr. Sindell performed surgery at the site where a cancerous mole had been removed on Jole's right arm.

23) She performed a wide local re-excision in order to examine the site and to remove surrounding tissue for analysis.

24) She removed tissues which were then sent to a pathology lab for analysis.

25) Following receipt of a pathology report on the removed samples, Dr. Sindell advised Jole that she did not have any residual cancer.

26) At no time did Dr. Sindell inform Jole or any other plaintiff of the availability of a sentinel lymph node biopsy ["SLNB"], a diagnostic technique that is effective in determining how far and quickly cancer has progressed.

27) Meanwhile, Jole justifiably relied upon Dr. Sindell's assurances that she did not have a spreading cancer.

28) She did so by foregoing treatments that would have been effective in arresting and/or inhibiting its progression.

29) Jole later learned, on or about September 12, 2018, by way of a lung biopsy that was performed on September 10, 2018, that she did, in fact, have metastatic melanoma in her lung.

COMPLAINT FOR MEDICAL MALPRACTICE
*Holt v. U.S.A.*            4

30) The cancer was soon after found to also have metastasized to her brain, breast, spine, chest, abdomen and pelvis.

31) Dr. Sindell failed to timely diagnose and treat Jole's lethal cancerous condition, and failed to advise Jole that she had the condition.

32) Dr. Sindell's lapses in care constituted recklessness within the purview of AS 09.55.549(f).

33) As a direct and proximate result of Dr. Sindell's negligence and recklessness, Jole suffered grievously and died.

34) As a direct and proximate result of the lapses in medical care heretofore alleged, Jole suffered pre-death non-economic damages, including but not limited to:

    (a) Physical pain and suffering;

    (b) Emotional distress and psychological injury;

    (c) Inconvenience, and;

    (d) Loss of enjoyment of life.

35) As a direct and proximate result of the lapses in care heretofore alleged, Jole also suffered economic damages, including, but not limited to:

    (a) Expenses for medical care and treatment;

    (b) Burial and/or funeral expenses;

    (c) Loss of earnings and earning-capacity;

    (d) Loss of net accumulations;

    (e) Loss of subsistence harvests and subsistence capability, and;

(f) Loss of household- and non-market services, including the ability to perform such services for herself and family member(s).

36) As a direct and proximate result of the lapses in care heretofore alleged, Anthony has suffered, and will suffer, loss of spousal consortium.

37) As a direct and proximate result of the lapses in care heretofore alleged, plaintiffs K.H., D.H., and L.H. have suffered, and will suffer, loss of parental consortium.

### First Cause of Action
### Negligence, Recklessness, Survival, and Wrongful Death

38) Plaintiffs incorporate the preceding paragraphs as though fully set forth.

39) In accordance with Alaska's survival and wrongful death regimes, AS 09.55.570 and .580, defendant United States is liable to plaintiffs for negligence and recklessness in the minimum sum of $100,000.00, the exact amount to be proved at trial.

### Second Cause of Action
### Loss of Spousal Consortium

40) Plaintiffs incorporate the preceding paragraphs as though fully set forth.

41) Defendant United States is liable to plaintiff Anthony Holt for loss of spousal consortium in the minimum sum of $100,000.00, the exact amount to be proved at trial.

### Third Cause of Action
### Loss of Parental Consortium

42) Plaintiffs incorporate the preceding paragraphs as though fully set forth.

43) Defendant United States is liable to plaintiffs K.H., D.H., and L.H. for loss of parental consortium, each in the minimum sum of $100,000.00, the exact amount to be

COMPLAINT FOR MEDICAL MALPRACTICE
*Holt v. U.S.A.* 6

proved at trial.

WHEREFORE plaintiffs pray for judgment awarding --

1) Compensatory damages to each in the minimum sum of $100,000, the exact amount to be proved at trial;

2) Costs and attorney's fees as may be allowable, and;

3) Any other relief the court deems equitable or appropriate.

DATED at Anchorage, Alaska, this 28th day of January, 2020.

THE LAW OFFICES OF DAVID HENDERSON

Attorneys for Plaintiffs

s/ David Henderson
David Henderson
Alaska Bar No. 9806014

COMPLAINT FOR MEDICAL MALPRACTICE
*Holt v. U.S.A.* 7